UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Miguel Bocourt, | : | |
| Debtor. | : | Bankruptcy No. 21-12420-MDC |

# **M E M O R A N D U M**

### I. INTRODUCTION

Before the court for consideration is the Praecipe to Convert Case from Chapter 7 to Chapter 13 ("the Praecipe")[1] filed by Miguel Bocourt (the "Debtor"). Robert Holber, the Chapter 7 Trustee (the "Trustee," and together with the Debtor, the "Parties"), objected to the Court granting the Praecipe because the Debtor allegedly filed it in bad faith and is unable to fund a Chapter 13 Plan (the "Objection").[2] After an evidentiary hearing on the matter, and consideration of the pleadings and arguments of the Parties, the Court will grant the Praecipe and overrule the Objection.

### II. FACTUAL AND PROCEDURAL BACKGROUND

The Debtor commenced this bankruptcy case on September 9, 2021, by filing a petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. 101 *et. seq.* (the "Bankruptcy Code"), together with all of the required schedules and statements. The Debtor's petition reflects that he resides at 131 Elderberry Drive, Levittown, Pennsylvania (the "Property"). In his Schedule I, the Debtor listed monthly income totaling $3,470.00, with $2,294.00 deriving from

---

[1] Bankr. Docket No. 17.

[2] Bankr. Docket No. 23.

social security benefits and $1,173.00 deriving from pension income. No other source of income is disclosed. His Schedule J reflects monthly expenses of $3,528.00, including $1,723.00 for home ownership expenses. The schedules did not list any non-filing spouse. The Debtor's Schedule A/B states that the Property is owned by tenancy by the entirety, but according to Schedule D only the Debtor is liable for the mortgage on the Property. Likewise, the Debtor does not identify any co-debtor for the unsecured liabilities listed in Schedule E/F. The Debtor's Schedule A/B also disclosed a checking account at TD Bank. N.A. containing $400.00 (TD Account #9661).

The Trustee was appointed on September 3, 2021. A meeting of creditors was held on October 8, 2021, then continued to October 22, 2021, and further continued to November 19, 2021, to provide time for the Debtor to produce (1) the deed evidencing ownership of the Property with his spouse, (2) proof of the party responsible for unsecured debts, and (3) proof of the owner of the TD Account #9661.

The Trustee subsequently discovered two additional TD Bank accounts in the Debtor's name and more money than itemized in the schedules. (TD Account #2596 and TD Account #4095, and together with TD Account #9661, the "TD Bank Accounts"). In total, the TD Bank Accounts contained approximately $9,000.00.

On November 4, 2021, the Trustee filed a notice changing the Debtor's case from no-asset to asset and requesting the Clerk to set a bar date for filing claims against the estate (the "Asset Case Notice").[3] Two days later, on November 6, 2021, the Debtor filed the Praecipe. The Trustee filed the Objection on November 18, 2021, contending that (i) based upon the income and expenses disclosed in his schedules, the Debtor cannot fund a chapter 13 plan, and

---

[3] Bankr. Docket No. 15.

2

seeks only to delay administration of his bankruptcy estate, and (ii) the Debtor seeks conversion to chapter 13 in bad faith solely because the Trustee discovered additional undisclosed assets of which he is attempting to avoid liquidation.

The Court held an evidentiary hearing on the matter on June 15, 2022 (the "Hearing"). The Debtor's wife, Peggy Bocourt ("Mrs. Bocourt") and the Trustee both appeared and testified.

Mrs. Bocourt testified to the following facts. Mrs. Bocourt resided at the Property with the Debtor, who had suffered from significant health issues since 2016, including dementia since 2019. As a result, she has had power of attorney for his affairs since 2016, and with respect to his bankruptcy case, had assisted the Debtor and his counsel in preparing and reviewing the petition and schedules.

In connection with the TD Bank Accounts, Mrs. Bocourt testified that TD Bank account 9661 is the Debtor's bank account into which a portion of his pension check is deposited. TD Bank account 4095 is also the Debtor's account. Mrs. Bocourt opened this account after she obtained power of attorney. A portion of the Debtor's pension and all of his Social Security income is deposited into that account. The third TD Bank Account, ending in 2596, is owned by Mrs. Bocourt, and the amounts in that account represent her unemployment checks, COVID relief checks, and more recently, her wages.[4] Mrs. Bocourt transfers money among the accounts as needed.

Mrs. Bocourt testified that she did not understand that she had to disclose her bank account or income because she was not a co-debtor. As for the Debtor's TD Bank Account, she had mistakenly omitted it from the schedules. She is willing to contribute her income to supplement the Debtor's income to fund Chapter 13 plan.

---

[4] Mrs. Bocourt testified that she had previously worked as a crossing guard and school aid but was presently employed as a school district paraprofessional.

The Trustee testified in opposition to the Praecipe. He testified that upon his appointment, he reviewed the Debtor's schedules, which reflected only one TD Bank Account, but that he later discovered the two additional TD Bank Accounts that were not disclosed. Mr. Holber also testified that he examined the Debtor regarding his income listed in Schedule I, but that the schedule did not include any income from Mrs. Bocourt. Mr. Holber testified that at the meeting of creditors, the Debtor advised that he physically signed his bankruptcy petition and that he reviewed all schedules prior to signing.

### III.    DISCUSSION

A Chapter 7 Debtor does not have an absolute right to convert to Chapter 13. *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 374-75 (2007). Whether to permit a Chapter 7 debtor to convert to Chapter 13 is within this Court's discretion based upon conclusions regarding bad faith and the ability to fund a Chapter 13 plan. *In re Marinari*, 596 B.R. 809, 820 (Bankr. E.D. Pa. 2019).

Courts have considered the following factors in evaluating a motion to convert from Chapter 7 to Chapter 13:

(i)    whether the debtor is seeking to convert to chapter 13 in good faith (including a review of facts such as the timing of the motion to convert; the debtor's motive in filing the motion; and whether the debtor has been forthcoming with the bankruptcy court and creditors);

(ii)    whether the debtor can propose a confirmable chapter 13 plan;

(iii)    the impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion;

(iv)    the effect of conversion on the efficient administration of the bankruptcy estate; and

(v)    whether conversion would further an abuse of the bankruptcy process.

*See In re Campbell*, 598 B.R. 775, 778-79 (Bankr. M.D. Pa. 2019).[5]

      Taking the first factor into consideration, the Court concludes that the Debtor's desire to convert his bankruptcy case to chapter 13 is not in bad faith.  Rather, although the Praecipe was filed two days after the Trustee filed the Asset Case Notice, which understandably raised a red flag with the Trustee, the Court believes that conversion is sought in good faith.  Based on the evidence presented at the Hearing, the Court finds that the omissions in the Debtor's schedules regarding the TD Bank Accounts and Mrs. Bocourt's income were unintentional.  Mrs. Bocourt credibly testified regarding the nature of the three TD Bank Accounts, their funds (and at times, lack thereof), and how she and the Debtor used the accounts.  She also credibly testified regarding her failure to understand the disclosure requirements for her own income, notwithstanding that she is not a debtor.  Finally, the Court's determination is colored by the fact that the Debtor suffers from dementia; although the Trustee testified that the Debtor affirmed that he reviewed the schedules prior to signing his petition, in the Court's view, his infirmity must be considered in determining the effect of that review.

      With respect to the Debtor's ability to fund a chapter 13 plan, the Court notes that even without Mrs. Bocourt's additional income, the Debtor's social security benefits pension distribution is only approximately $60 short of meeting his monthly expenses.  Although the Debtor has a sizeable mortgage on his Property, his Schedule J appears to account for the monthly mortgage payments in his expenses.  As such, although the Court was not presented with documentary evidence of Mrs. Bocourt's income, it along with

---

[5] Because there is no evidence of record regarding factor (iii), the Court will not address this factor.

the Debtor's sources of income appears to be sufficient to fund a chapter 13 plan that would result in recovery to unsecured creditors. Mrs. Bocourt testified that she was willing to help fund such a plan from her income.

The Court concludes that it is an appropriate exercise of its discretion to allow the Debtor to convert this case to one under chapter 13. He seeks conversion in good faith and appears to have the ability to propose a confirmable chapter 13 plan funded by his and his wife's income. Moreover, there is no evidence that conversion would adversely impact the efficient administration of his estate or further an abuse of the bankruptcy process. To the contrary, it appears that conversion will permit the Debtor to take advantage of the restructuring of his unsecured debt contemplated by chapter 13 of the Bankruptcy Code, providing the fresh start to the honest debtor underlying the Code's purpose.

## IV.  CONCLUSION

For the reasons discussed *supra,* the Court will permit the Debtor to convert his case to a case under chapter 13 of the Bankruptcy Code. An Order consistent with this Memorandum shall be entered.

Dated:  April 30, 2023

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Donald Williford, Esquire
114 Radcliffe Street
Bristol, PA 19007

Robert H. Holber, Esquire
Robert H. Holber PC
41 East Front Street
Media, PA 19063

United States Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107